UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-268-S

RICKY E. GEORGE                                                                                           PLAINTIFF

v.

CORRECTIONS CORPORATION OF AMERICA,
MARION ADJUSTMENT CENTER                                                              DEFENDANT

### MEMORANDUM OPINION

This prisoner complaint is before the Court for screening, pursuant to 28 U.S.C. § 1915A. Plaintiff, Ricky E. George, *pro se*, seeks damages under 42 U.S.C. § 1983 against "Corrections Corporation of America, Marion Adjustment Center." Plaintiff alleges a corrections officer sexually assaulted him over a fourteen-month period in violation of his rights under the Federal Constitution. The Court will dismiss the complaint without prejudice, for failure to name the proper party.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not

just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

## II.

Plaintiff files this complaint from the Luther Luckett Correctional Complex. He alleges that while detained in the Marion Adjustment Center, he complained to State Monitor, Julie Phelps, on September 11, 2003 that a corrections officer, Roger Sapp, sexually assaulted and threatened him to keep quiet. Plaintiff states the sexual assaults continued over a fourteen-month period, presumably prior to September 2003. Plaintiff alleges he sent a letter (without specifying the date or its contents) to the warden and also complained to an officer named "Rainwater" on an unspecified date. (Compl. at 4, 6.)

Plaintiff states at once that there was "no result" to his grievance and that "all that happened was [the officer] got laid off" without pay. (Compl. at 4.) Plaintiff alleges "they covered it up" and transferred him to another corrections facility, Northpoint Training Center, "because they thought I was going to sue them." (Compl. at 8.)

Plaintiff provides a graphic description of the first alleged assault and his suffering. He explains that his emotional distress required transfer to Luther Luckett, where he receives psychiatric care. Plaintiff seeks compensatory and punitive damages.

The identity of the party-defendant(s) is problematic. In the caption of the complaint, Plaintiff lists as the only party, "Corrections Corporation of America, Marion Adjustment

Center." Plaintiff tenders two summonses, however, listing "Marion Adjustment Center" and "Roger Sapp." In the body of the complaint, Plaintiff names one defendant: "Correctional Officer Roger Sapp" in his official capacity only.

The facts alleged in support of the complaint address the individual officer's conduct and the grievance steps. The only allegations attributable to the facility's operator, perhaps, is mention of a cover up and the implication that the employer failed to discipline the accused officer.

## III.

Section 1983 provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of [state] law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

Each of Plaintiff's attempts at naming a defendant to this action fails to name a "person" amenable to suit under § 1983. Plaintiff attempts to sue Roger Sapp, in his official capacity. Pleading official capacity is another way of pleading suit against the entity of which the official is an agent, and the pleader may recover damages against the entity rather than the personal assets of the official. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, the official-capacity claim here is in essence a suit against Mr. Sapp's employer, the Marion Adjustment Center or the Corrections Corporation of America.

Plaintiff separately and directly sues "The Marion Adjustment Center, Corrections Corporation of America." The Marion Adjustment Center is a private correctional facility for state inmates operated by the Corrections Corporation of America under a contract with the

Commonwealth of Kentucky.[1]

Because housing state inmates is a function traditionally attributable to the state, a private correctional corporation under contract with the state is deemed to be acting for the state under color of law. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991); *see also West v. Atkins*, 487 U.S. at 55-56; *Lugar v. Edmondson Oil Co.*, 457 U.S. 829, 935 (1982); *and Citrano v. Allen Correctional Center*, 891 F.Supp. 312, 320 (W.D. La. 1995) (holding privately operated state correctional center is an arm of the state shielded by Eleventh Amendment immunity).

Therefore, the damages claims against each listed party-defendant are in essence claims against the Commonwealth of Kentucky. Section 1983 by its terms, however, is not applicable to state governments because a state is not a "person" amenable to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Because Plaintiff fails to name the proper party, that is, the accused officer in his individual capacity, the Court will dismiss the complaint for failure to state a claim on which relief may be granted.

The Court further notes that Plaintiff provides scant information in support of exhaustion of his administrative remedies, as mandated by 42 U.S.C. § 1997e and as strictly required by the United States Court of Appeals for the Sixth Circuit. *See Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004).

If the suit seeks relief from more than one prison official, the inmate must exhaust administrative remedies against each institutional defendant on each claim. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003). Further, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative

---

[1] See http://corrections.ky.gov/instfac/, last visited Jan. 13, 2006.)

dispositions to the complaint or, in the absence of written documentation, describ[ing] with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *see also Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

The Court further cautions that a plaintiff must file a § 1983 action generally within one year after a claim arises. *See Brown v. Morgan*, 209 F.3d 595 (6th Cir. 2000).

The Court will enter an Order consistent with this Memorandum Opinion.

Dated:

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4411.007